UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE ALEGRA COLLECTION LLC

    Plaintiff,

v.                                                                 No: 8:21-cv-686-WFJ-AAS

CNC MOTORS, INC.;
CLAYTON THOM;
and JOSEPH FIRMAPAZ;

    Defendants.
_____/

## ORDER

This matter is before the Court on the Defendants' Motion to Dismiss, Dkt. 44, Plaintiff's Amended Complaint, Dkt. 43. Plaintiff filed a response, Dkt. 46, and the Court held a hearing on the matter on August 5, 2021, Dkt. 48. With the benefit of full briefing and oral argument, the Court grants the Motion to Dismiss for lack of personal jurisdiction.

## BACKGROUND

Plaintiff is a licensed car dealership in Tampa, Florida. Dkt. 43 at 4. It purchased a 2017 Mercedes G550 (the "Vehicle") in December 2020 from Defendant CNC Motors, a California company. *Id.* at 3–4. Also involved in the deal were Clayton Thom—CNC Motors's president—and Joseph Firmapaz—a

sales representative. *Id.* Plaintiff wired $225,000 for the Vehicle in December. Dkt. 43-1, Ex. A.

Plaintiff traveled to California to pick up the Vehicle in early 2021. Dkt. 43 at 4. But when Plaintiff arrived, CNC Motors did not have the Vehicle's title (the "Title"). *Id.* Plaintiff alleges that Defendants promised to eventually deliver the Title to Tampa, with Defendant Thom allegedly agreeing to personally drive the Title to Florida if need be. *Id.* at 4–5. Plaintiff elected to take possession of the Vehicle despite the lack of Title. Dkt. 16 at 5; Dkt. 44 at 2. Plaintiff says it followed up with Defendants about the Title issue from January 2021 to April 2021, but Defendants "would not promptly respond or provide various excuses." Dkt. 43 at 5. Plaintiff alleges it was injured by this delay because it could not sell or drive the Vehicle without Title, and it essentially turned the Vehicle into a "large and expensive storage container." *Id.* at 5–7.

Plaintiff filed suit in March 2021 against Defendants CNC Motors, Mr. Thom, and Mr. Firmapaz. Dkt. 1. This Court granted Plaintiff's Emergency Motion for Temporary Injunction on April 8, 2021, ordering the Defendants to deliver the Title to the Clerk of Court. Dkt. 11. On April 19, 2021, Defendants sent by certified mail the original Title documents to the Clerk of the Court. Dkt. 26. The

Defendants now move to dismiss the Amended Complaint for lack of specific personal jurisdiction. Dkt. 44.[1]

## LEGAL STANDARD

Whether a federal court has personal jurisdiction over a defendant is a question of law. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) (citing *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996)). The plaintiff bears the burden of proof to establish personal jurisdiction over a nonresident defendant. *See Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002). To the extent the "plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id.* at 1269 (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).

A court must conduct a two-step analysis when evaluating whether it has personal jurisdiction over a defendant. *See Madara*, 916 F.2d at 1514. First, the court must determine whether the plaintiff has alleged facts sufficient to establish a basis for jurisdiction under Florida's long-arm statute. *Id.* If the answer is yes, then the court must determine whether the exercise of jurisdiction satisfies the Due

---

[1] Defendant Firmapaz did not move for dismissal nor file a written response to the Amended Complaint. The Court agreed that compliance with the temporary injunction did not waive the jurisdictional defenses.

3

Process Clause of the Fourteenth Amendment to the U.S. Constitution. *Id.* "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant." *Id.*

## ANALYSIS

There are two types of personal jurisdiction: general and specific. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). At issue here is specific jurisdiction.

Florida's long-arm statute authorizes the exercise of specific jurisdiction over a non-resident defendant who commits a tortious act within Florida. *See* Fla. Stat. § 48.193(1)(a)(2). Plaintiff alleges Defendants committed several torts when it failed to provide the Vehicle's Title at the time Plaintiff took possession of the Vehicle in California. Dkt. 43 at 7–12. Plaintiff says this failure amounted to a conversion and a civil theft because Plaintiff was unable to use or sell the Vehicle in Florida without the Title. Dkt. 46 at 7.

The Court holds that Plaintiff has failed to establish a prima facie case for personal jurisdiction under § 48.193(1)(a)(2). The conversion and civil theft arguments are especially inapt. Although there was a delay, Plaintiff eventually received both the car and the Title. Plaintiff maintained physical possession of the Vehicle at all times in this case.[2] It is unlikely that the failure to timely deliver the

---

[2] Plaintiff represented to the Court that the Vehicle was being stored in Colorado. Dkt. 16 at 5.

Title effected a conversion or civil theft of a car that Plaintiff possessed at all times.

Plaintiff also argues this Court has specific jurisdiction over Defendants pursuant to § 48.193(1)(a)(7), which allows a court to exercise long-arm jurisdiction over a defendant who breaches a contract by failing to perform an act required to be performed in Florida. *See* Fla. Stat. § 48.193(1)(a)(7). "This provision means that there must exist a duty to perform an act *in Florida*[.]" *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1218 (11th Cir. 1999).

Here, according to Plaintiff, Defendants promised to deliver the Title to Plaintiff in Florida. Dkt. 43 at 4, 12. Plaintiff does not clarify whether this promise was oral or written, whether consideration was exchanged, or whether Plaintiff accepted the offer. Nevertheless, even assuming a contract was formed, the Court holds that Plaintiff still does not satisfy § 48.193(1)(a)(7) because no breach occurred. Defendants did in fact deliver the Title to Florida, albeit four months later than Plaintiff likely wanted. *See* Dkt. 26. There is no allegation that this purported contract had a "time is of the essence" clause that Defendants violated by delivering the Title belatedly. Plaintiff has therefore not shown there was a breach of contract to support exercise of long-arm jurisdiction pursuant to § 48.193(1)(a)(7).

In sum, Plaintiff has not established that this Court can exercise long-arm jurisdiction over Defendants. If Plaintiff wants damages for the delay of Title conveyance, then it must go to California.

## CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss, Dkt. 44, and dismisses the case without prejudice. The clerk is directed to close this file. No amendment will be permitted. Plaintiff's Motion for Jurisdictional Discovery, Dkt. 41, is denied as moot.

**DONE AND ORDERED** at Tampa, Florida, on August 12, 2021.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record